HARBORSIDE REFRIGERATED SER-
VICES, INC., f/k/a Uiterwyk Cold
Storage Company, Inc., a Florida cor-
poration, Plaintiff-Appellee,

v.

IARW INSURANCE COMPANY, LTD.,
a foreign insurance company,
Defendant-Appellant.

No. 84–3856
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 6, 1985.

Mike Piscitelli, Tampa, Fla., for defend-ant-appellant.

David F. Pope, Ted R. Manry, III, Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAV-ITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

This is an appeal from the district court's granting of the appellee-insured's motion for summary judgment. We reverse in part, affirm in part, and remand the issue of attorney's fees to the district court for further consideration.

Appellee, Harborside Refrigerated Services, is the owner and operator of a cold storage warehouse. Appellant, IARW Insurance Company, is the underwriter on a policy of warehouseman or bailee's liability insurance. In April, 1980, appellee received a shipment of chicken parts for storage which were ultimately to be purchased by Travagricola, an exporting company. In June company representatives arrived to buy the chicken. Some of the goods were damaged and thus rejected. Travagricola brought suit against Harborside alleging

four separate theories of recovery for economic losses caused by the damaged chicken. It was successful on its claim that Harborside's warehouse receipt incorrectly described the stored chicken parts. Appellee was required to satisfy the judgment since appellant had declined coverage (IARW had also refused to defend appellee on three of the four counts).

Harborside then brought this action against IARW seeking to recover the amounts paid to Travagricola, the expenses incurred by appellee in defending itself in the prior suit, and the expenses incurred in the instant action. On appeal we hold that the insurance policy did not cover liability based upon incorrect descriptions in warehouse receipts but did obligate the insurer IARW to defend the insured against such a claim. We also remand to the district court for a modification of the attorney's fees awarded appellee.

## I. Coverage

 In construing an insurance policy to determine the intention of the parties, the court must consider the instrument in its entirety. If possible, the court must adopt a construction which will give effect to the total instrument and its provisions. *New Amsterdam Casualty Co. v. Addison*, 169 So.2d 877 (2d D.C.A.1964). Considered in its entirety, the insurance policy in the instant case does not provide coverage for damage stemming from misdescribed receipts. The plain language of the policy's text indicates instead that a warehouseman or bailee is insured only for the damage or loss of goods entrusted to him in his capacity as a warehouseman. Appellee points to an exclusionary clause as support for its position that liability for misdescribed receipts is covered. The relevant portion excludes from coverage damages flowing from forged warehouse receipts. Appellee argues that since receipts are mentioned here, if damages from misdescribed receipts were meant to be excluded, that exclusion would have been expressly stated. This construction conflicts with the clear intent of the rest of the contract. The more consistent explanation is that while the contract generally provides coverage for liability for damaged or lost goods, some kinds of loss, or theft, are not covered. Loss of goods occasioned by the presentation to the warehouseman of a forged receipt is the kind of loss of goods expressly excluded.

## II. Defense

Appellant and appellee point to two different lines of cases as support for their respective positions. Appellant argues for apportionment of the costs of defense from *Porter v. American Optical Corp.*, 641 F.2d 1128 (5th Cir.1981), which holds that the insured must bear the pro rata costs for defending suits by individuals whose injuries occurred both during and outside the time in which the insured was covered. For its position that costs are not apportioned appellee cites to a long line of Florida cases represented by *Employers Commercial Union Insurance Co. of America v. Kottmeier*, 323 So.2d 605 (2d D.C.A.Fla. 1975). These decisions hold that where only portions of a complaint fall within the coverage of the insurance policy while other portions fall outside the policy, the insurer has a duty to defend the entire suit—at least until such time as the covered portion of the claim is eliminated from the suit.

Admittedly the instant case does not completely resemble the cases relied upon by appellee. In those cases the plaintiff's complaint either alleged several theories of liability based upon one set of operative facts or requested compensatory and punitive damages based upon a single occurrence. The defendant's insurance, however, covered liability for only one of the counts or for only one kind of damage (e.g., compensatory as opposed to punitive). The courts nonetheless acknowledged that an insurer's duty to defend is broader than his duty to cover and found that the insurer was responsible for the defense of the entire suit. *See, e.g., Kottmeier, supra.*

In the instant case Travagricola, the original plaintiff, sought recovery against Harborside on two theories of liability which involved proving different facts. Under

 

one theory the plaintiff could recover against the defendant insured if he proved that the defendant's negligence led to the damaging of the goods themselves. Under the second theory the plaintiff would recover if he proved that the goods were already damaged and that the defendant nevertheless described them as undamaged.

That difference is not important here. What is implicit in the caselaw relied upon by appellee is that apportionment of costs between uncovered and covered claims is not practicable and, therefore, the insurer bears the full cost of defense. *Porter*, relied upon by appellant, acknowledges too that ease of apportionment is the central issue. In *Porter* the court simply found that it was possible to apportion costs between the insurer and insured where there were periods when the insured was not covered. The *Porter* court also expressed its concern that an insurer not be responsible for costs incurred when it and the insured had no contractual relationship at all.

Here apportionment is no more possible than it was in *Kottmeier.* What caused the original plaintiff's economic loss, either goods damaged by the insured or goods already damaged represented as undamaged by the insured, is a fact question that would be resolved through a single discovery and trial. The same questions will be asked and answered: What condition were the goods in prior to their storage? What did the warehouse receipt say? Because apportionment is not practicable, appellant is responsible for the entire defense until that point when the covered claim is dropped from the action (here, until closing argument).

### III. Attorney's fees

The award of attorney's fees is reversed since the major part of the judgment for the insured on the merits is reversed. *See Massachusetts Casualty Insurance Co. v. Forman,* 516 F.2d 425 (5th Cir.1975). The district court on remand, however, is free to determine whether a modified and reduced award is due appellee

reflecting its limited success on appeal. *See id.*

We REVERSE in part, AFFIRM in part, and REMAND to the district court for further consideration consistent with this decision.